IN THE UNITED STATES DISTRICT COURT
RECEIVED IN AND FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Northern

2014 JUL 23 P 5: 11

JANICE INGALLS, MILTON PARKER )
and KAMARA BOWLING DAVIS, )
on Behalf of Themselves and all Others )
Similarly Situated, )
)
       **Plaintiffs,** )
)
vs. )
)
**U.S. SPACE AND ROCKET CENTER;** )
**DEBORAH E. BARNHART; BROOKE** )
**BALCH; VICKIE HENDERSON;** )
**FICTITIOUS DEFENDANTS A, B, C,** )
being that person, agent, firm, or )
organization who is responsible for, )
participated in, authorized, or acquiesced )
in the past and ongoing violations of law )
and improper conduct as described )
herein, )
)
       **Defendants.** )

**Civil Action No.: 2:14-cv-699-MEF**

**CLASS ACTION**

**Plaintiffs Demand a**
**Trial by Jury**

RECEIVED
2014 JUL 23 P 5: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## CLASS ACTION COMPLAINT

COME NOW, Janice Ingalls, Milton Parker and Kamara Bowling Davis, Plaintiffs in the above-styled action, bring this action both individually and on behalf of the class of persons defined below, file this Class Action Complaint against the U.S. Space and Rocket Center; Deborah E. Barnhart; Brooke Balch; Vickie Henderson; and Fictitious Defendants A, B, C, being that person, agent, firm, or organization who is responsible for, participated in, authorized, or acquiesced in the past and ongoing violations of law and improper conduct as described herein, and allege as follows:

## INTRODUCTION

The U.S. Space and Rocket Center (USS&RC) is an entity created by the State of Alabama to house, display and care for some of the most-valuable artifacts of this country's space program. It also provides educational opportunities in science, technology and engineering to thousands of school-age children from around the world.

However, this action arises from the USS&RC's and the individual Defendants' past and ongoing disregard of the law of the State under which the USS&RC is organized. While every other department of the State of Alabama complies with laws regarding paid state holidays and an incentive known as longevity pay, the USS&RC and the individual Defendants have acted outside Alabama law and have done so for years. In so doing, the Defendants have deprived USS&RC employees of benefits they should have otherwise received. This is a class action seeking redress for a decades-long practice of disregarding Alabama law and retaining, unjustly, monies which should have instead gone to the USS&RC's brightest, most-committed asset – its workforce.

## JURISDICTION AND VENUE

1.      Plaintiff Janice Ingalls is above the age of nineteen (19) and is a citizen of the State of Alabama.

2.      Plaintiff Milton Parker is above the age of nineteen (19) and is a citizen of the State of Alabama.

3.      Plaintiff Kamara Bowling Davis is above the age of nineteen (19) and is a citizen of the State of Alabama.

4.      Defendant U.S. Space & Rocket Center (USS&RC) is an agency of the State of Alabama with its capital in Montgomery, Alabama.

2

5.       Defendant Deborah Barnhart is an adult resident citizen of the State of Alabama and serves as the Chief Executive Officer of the USS&RC.

6.       Defendant Brooke Balch is an adult resident citizen of the State of Alabama and serves as the Chief Financial Officer of the USS&RC.

7.       Defendant Vickie Henderson is an adult resident citizen of the State of Alabama and serves as the Vice President of Human Resources of the USS&RC.

8.       Fictitious Defendants A, B, and/or C are that person, agent, firm or organization who is responsible for, participated in, authorized, or acquiesced in the past and ongoing violations of law and improper conduct as described herein.

9.       All Defendants named herein will at times be referenced collectively as "Defendants."

10.      All of the events, transactions or occurrences which gave rise to Plaintiffs' claims took place in Alabama.

11.      Federal jurisdiction exists pursuant to 28 U.S.C. § 1331 as to Plaintiffs' claim for violation of the Takings Clause of the United States Constitution pursued via 42 U.S.C. § 1983. The Court has supplemental jurisdiction of all remaining claims pursuant to 28 USC § 1367. Further, a substantial part of the events, transactions or occurrences giving rise to the claim occurred in this Judicial District, therefore venue is proper in this district and this division.

## FACTS

### History of the U.S. Space & Rocket Center

12.      Dr. Wernher von Braun is best known as the leader of the Saturn V Rocket Team that put mankind on the moon. However, his vision expanded far beyond

engineering. During the final months that Dr. von Braun and his team of scientists were refining the giant rockets that sent Apollo Astronauts to the moon, he began launching the idea for a permanent exhibit to highlight the hardware of the existing space program and to keep the space exploration dream alive for future generations.

13.    He persuaded the Alabama Legislature to pass a law in 1965 establishing the museum known today as the U.S. Space & Rocket Center. Before construction of the museum was completed in 1970, von Braun moved the Saturn V 500D/F to the museum ensuring that the rocket would be on view to the public even as NASA continued putting men on the moon.[1] The USS&RC, an agency of the State of Alabama, provides for and participates in the management and control of facilities that house and display exhibits of space exploration and hardware made available by the National Aeronautics and Space Administration (NASA).[2] The USS&RC operates under the authority of ALA. CODE §§ 41-9-430 – 41-9-439.

14.    The USS&RC opened the museum doors to the public on March 17, 1970, and was dedicated as "The Alabama Space and Rocket Center," under the auspices of the Alabama Space Science Exhibit Commission. A few years later, the name was changed to the U.S. Space & Rocket Center. The USS&RC is an agency of the State of Alabama and the official visitor information site for NASA's Marshall Space Flight and the U.S. Army Missile Command in Huntsville, Alabama.[3]

15.    Today, the USS&RC operates the world-famous Space Camp and Aviation Challenge and other educational programs. It also operates one of the world's

---

[1]U.S. Space & Rocket Center, Employee Handbook: Organization Policy Employment 6 (2012).
[2] Department of Examiners of Public Accounts, REPORT ON THE SPACE SCIENCE EXHIBIT COMMISSION 7 (Jan. 17, 2014).
[3]U.S. Space & Rocket Center, Employee Handbook: Organization Policy Employment 6 (2012).

largest museums of space exploration history and artifacts, including the papers of Dr. von Braun and his team. Its attractions include the Spacedome Theater, Rocket Park, the Education Training USS&RC, and NASA's Educator Resource USS&RC.[4]

16.    The USS&RC has employed thousands of individuals over the years in full-time, part-time, and seasonal capacities. It currently employs approximately 120 employees.

### The USS&RC's Paid Holidays

17.    The USS&RC issues a Full-Time Employee Benefits Summary to each of its full-time employees (the "Summary.") A copy of the Summary is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

18.    The Holidays and Personal Days portion of the Summary states as follows:

> The following Holidays, with pay, are observed at the U.S. Space & Rocket Center:
>
> New Year's Day                     Labor Day
> Martin Luther King's Birthday      Thanksgiving Day
> Memorial Day                       Christmas Day
> Independence Day
>
> Should the holiday occur on a Saturday or Sunday, either the Friday before or the Monday after will become the designated holiday. Full-time employers who work on an authorized holiday will be given compensatory time off by their supervisor or manager as soon as possible.

### Alabama State Holidays

19.    Alabama is, for a variety of reasons, unique. For instance, the holidays the State grants its employees are both numerous and eclectic. Passed at times when budgetary constraints would little support across-the-board pay raises common to most

---

[4] http:www.rocketcenter.com/About Us

organizations and municipalities, the Legislature, over a number of years, designated a variety of annual events as paid leave.

20.    Specifically, ALA. CODE § 1-3-8(a) states:

Sunday, Christmas Day, New Year's Day, Martin Luther King, Jr.'s birthday, Robert E. Lee's birthday, George Washington's birthday, Thomas Jefferson's birthday, Confederate Memorial Day, National Memorial Day, Jefferson Davis' birthday, the Fourth day of July, Labor Day, Columbus Day and Fraternal Day, Veterans' Day, American Indian Heritage Day, and the day designated by the Governor for public thanksgiving shall each be deemed a holiday.

If any holiday falls on Sunday, the following day is the holiday. If any holiday falls on Saturday, the preceding day is the holiday. Veterans' Day shall be observed by the closing of all state, county, and municipal offices, all banks located within this state, and the public schools on such day.

21.    The next sub-section of the Act, ALA. CODE § 1-3-8(b), provides a schedule for both federal and State-legislature-created holidays (the "State Holidays:")

Robert E. Lee's Birthday -- the third Monday in January.

George Washington's Birthday -- the third Monday in February.

Confederate Memorial Day -- the fourth Monday in April.

Jefferson Davis' birthday -- the first Monday in June.

Columbus Day and Fraternal Day -- the second Monday in October.

Veterans' Day -- the eleventh day of November.

Martin Luther King, Jr.'s Birthday -- the third Monday in January.

National Memorial Day -- the last Monday in May.

Thomas Jefferson's birthday -- the third Monday in February.

American Indian Heritage Day -- the second Monday in October.

22.    Further, ALA. CODE § 1-3-8(e) states, without exception given for full- or part-time designation:

> All state holidays shall be observed by the closing of all state offices. ...[and] Any state employee working on a state holiday **shall** receive a day of compensatory leave or paid compensation in lieu of the holiday as provided herein. (Emphasis added).

23.     Finally, ALA. CODE § 1-3-8(f) explains how the compensatory leave set forth in subsection (e) is to be handled by employers for employees who do not receive the State Holiday as instructed:

> Each employee shall attempt to schedule any compensatory leave day provided in lieu of a regularly scheduled holiday, subject to the approval of the supervisor, during the quarter that the regularly scheduled holiday occurred. If any compensatory leave day cannot be scheduled during the designated quarter, the compensatory leave day may be accumulated at the request of the employee for up to one year.
>
> Supervisors failing to schedule compensatory leave days for employees within the quarter, unless the day is carried forward at the request of the employee, **shall** justify that action in writing to the Director of State Personnel and the employee shall receive pay at a rate not less than the employee's usual and customary rate of pay for any compensatory leave day to which the employee may be entitled and which has not been taken. (Emphasis added.)

24.     The USS&RC's Summary does not comply with Alabama state law with regard to payment of State Holidays, nor do the Defendants comply with Alabama law in this regard in practice. The Directors and Officers of the USS&RC, including those named herein, have, for decades, have disregarded Alabama law and do not comply with the foregoing.

### Alabama Longevity Pay

25.     Another unique creation of the State Legislature is to compensate long-serving employees through so-called "longevity pay."

26.     Specifically, the Alabama Legislature mandated "Longevity Pay," ALA. CODE § 36-6-11(a), which states:

Each person employed by the State of Alabama, and all legislative personnel, officers or employees, including but not limited to Legislative Reference Service personnel, **whether subject to the state Merit System or not, shall** be entitled to and receive in a lump sum the first pay day of December each year the sum of three hundred dollars ($300) per annum after such employee has served for a total period of five years and **shall** receive the payment until the tenth year of total service, at which time the payment **shall** be made in a like manner and at a like time but in the amount of four hundred dollars ($400) per annum until the fifteenth year of total service, at which time the payment **shall** be made in a like manner and at a like time but in the amount of five hundred dollars ($500) per annum until the twentieth year of total service, at which time the payment **shall** be made in a like manner and at a like time but in the amount of six hundred dollars ($600) per annum until the 25th year of total service, at which time the payment **shall** be made in a like manner and at a like time, but in the amount of seven hundred dollars ($700) as long as the employee remains in service.

Beginning October 1, 2006, and continuing each fiscal year thereafter in which an employee does not receive a cost of living increase in compensation, each per annum amount provided in this subsection **shall** be increased by one hundred dollars ($100) per year to a maximum amount of one thousand dollars ($1,000) for 25 years of total service as long as the employee remains in service. (Emphasis added.)

27.     Further, ALA. CODE § 36-6-11(b) provides:

The above payments shall be in addition to all salaries or wages and shall be in addition to any per diem allowances or expense allowance that may be in force at the time of payment. The sum shall not be used in computing retirement or other benefits.

28.     While the USS&RC's Summary mentions Longevity Pay, the Directors and Officers of the USS&RC, including those named herein, have, for decades, disregarded Alabama law with regard to the proper, statutory payment of Longevity Pay inasmuch as they do not comply with the foregoing law.

## The Department of Examiners of Public Accounts

29.     The Department of Examiners of Public Accounts (the "Department") is an independent legislative audit agency for the State of Alabama. The Department has the authority to perform audits of the accounts of all entities receiving or disbursing public funds. The Department is part of the Legislative branch of state government, and is independent of the Executive and Judicial branches of state government, as well as all local governments in the State.[5]

30.     The Department is empowered to audit the books, accounts, and records of all state and county offices, officers, bureaus, boards, commissions, corporations, departments, and agencies and to report on expenditures, contracts, or other audit findings found to be in violation of law. The Department has the authority to make audits of the accounts of all entities receiving or disbursing public funds. The Department is empowered to conduct investigations as a result of audits and to assist other governmental officers such as the Attorney General, District Attorneys, and federal agencies, and to certify official acts and require the repayment of amounts of monies and other resources due to the State, County, municipality, or other governmental units from various public officers, their employees, or agents. [6]

### The Department Issues
### The Report

31.     The Department fulfilled its statutory role with respect to the USS&RC by inspecting and examining its records and books and its policies and procedures with regard to its employees.

---

[5] http://www.examiners.state.al.us
[6] http://www.examiners.state.al.us/about.aspx

32.     An examination was performed from October 1, 2007 through September 30, 2012 by the Department to determine whether public officers, agents and employees of the USS&RC properly and lawfully accounted for money and other public assets or resources received, disbursed or in the custody of the USS&RC (the "Examination.")

33.     On January 17, 2014, the Department issued a report which represented the results of the Examination (the "Report.") A copy of the Report is attached hereto as Exhibit A and its terms are incorporated by reference as if fully set out herein.

34.     The Department's Report concluded with a number of findings of impropriety, audit non-conformities, accounting irregularities and non-compliance with Alabama law on a number of matters including: improper reimbursement of travel expenses, procurement of professional services, and irregularities in notice and conducting meetings of the USS&RC's Executive Committee.

35.     However, salient to the instant Complaint were the following conclusions:

> The USS&RC provides six fewer holidays to its state employees than are mandated by law for state employees; and

> The USS&RC's employees who were entitled to receive longevity payments received less that the amount to which they were entitled. [7]

36.     The Department's Report detailed the <u>findings</u> on the USS&RC's failure to pay State Holidays as required as follows:

> The Commission provides six fewer holidays to its state employees than are mandated by law for state employees. According to the Commission's Policy and Procedure Statement #1550.6, full-time employees are allowed to take the following seven holidays without utilizing leave: New Year's Day, Martin Luther King Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving and Christmas.

---

[7] Department of Examiners of Public Accounts, REPORT ON THE SPACE SCIENCE EXHIBIT COMMISSION 8 (Jan. 17, 2014).

The Code of Alabama 1975, Section 1-3-8 states "(a) Sunday, Christmas Day, New Year's Day, Martin Luther King, Jr.'s birthday, Robert E. Lee's birthday, George Washington's birthday, Thomas Jefferson's birthday, Confederate Memorial Day, National Memorial Day, Jefferson Davis' birthday, the Fourth day of July, Labor Day, Columbus Day and Fraternal Day, Veterans' Day, American Indian Heritage Day, and the day designated by the Governor for public thanksgiving shall each be deemed a holiday. If any holiday falls on Sunday, the following day is the holiday. If any holiday falls on Saturday, the preceding day is the holiday. Veterans' Day shall be observed by the closing of all state, county, and municipal offices, all banks located within this state, and the public schools on such day. In addition to the legal holidays provided above all state employees, except those employed in Baldwin and Mobile Counties, shall be granted one personal leave day per year."

37.     The Department issued the following recommendation to correct the

USS&RC's failure to pay State Holidays as required:

The commission should award to its employees the holidays provided by the Code of Alabama 1975, Section 1-3-8(a), and should provide a day of compensatory leave or paid compensation in lieu of any holiday on which the employee is required to work, as required by the Code of Alabama 1975, Section 1-3-8(e).

38.     The Department's Report detailed the findings on the USS&RC's failure

to pay Longevity Pay as required as follows:

The Commission's employees who were entitled to receive longevity payments received less than the amount to which they were entitled. Underpayments occurred because longevity amounts due the employees were not increased in accordance with the requirements of state law, which provides that longevity pay amounts will be increased when employees do not receive a cost of living raise.

The Code of Alabama 1975, Section 36-6-11(a) states that, "Beginning October 1, 2006, and continuing each fiscal year thereafter in which an employee does not receive a cost-of-living increase in compensation, each per annum amount provided in this subsection shall be increased by one hundred dollars ($100) per year to a maximum amount of one thousand dollars ($1,000) for 25 years of total service as long as the employee remains in service."

39.     The Department issued the following <u>recommendation</u> to correct the

USS&RC's failure to Longevity Pay as required:

> The Commission should re-compute longevity pay for each employee for all years in which they were qualified to receive longevity pay for reason of not having received a cost of living pay increase and should pay the employees the total amount of all underpayments due them.

40.     To date, the Defendants have not remediated in any respect their non-

compliance with Alabama law with respect to either payment of State Holidays or

Longevity Pay to its prior and/or current employees.

### The Defendants' Reaction to the
### Department's Report

41.     After the Report was issued, the findings and recommendations were

reported in various media outlets.

42.     The USS&RC's leadership, including the individual Defendants named

herein, called a meeting of all the full-time, part-time and then-employed seasonal

workers. The USS&RC's leadership stated: 1) they were aware of the Department's

Report; 2) they believe the Report was in error; but 3) if they needed to do anything to

comply with the Report, they would.

43.     To date, the Defendants have not changed any policies with regard to

payment of State Holidays to current or former full-time employees of USS&RC.

44.     To date, the Defendants have not changed any policies with regard to

payment of State Holidays to current or former part-time employees of USS&RC.

45.     To date, the Defendants have not changed any policies with regard to

payment of State Holidays to current or former seasonal employees of USS&RC.

46.     To date, the Defendants have not paid for the State Holidays owed, but not-yet-paid to any current or former employees of USS&RC.

47.     To date, the Defendants have not changes any policies with regard to payment of Longevity Pay to current or former full-time employees of USS&RC.

48.     To date, the Defendants have not paid for the Longevity Pay owed, but not-yet-paid to any current or former employees of USS&RC.

49.     In sum, the Defendants have done nothing in response to the Department's Report.

### Named Plaintiffs' Allegations

#### Janice Ingalls

50.     Janice Ingalls started with the USS&RC in October 2000 as an Administrative Assistant to the then Chief Operating Officer. She was a full-time employee with excellent annual reviews before retiring on good terms on March 1, 2011.

51.     Until she read the Report issued by the Department regarding the Defendants' practices with regard to underpaying employee benefits, Ms. Ingalls never knew that the Defendants had failed to follow Alabama law with regard to Longevity Pay or State Holidays.

52.     During her employment, Ms. Ingalls was not paid for State Holidays as required by State law.

53.     During her employment, Ms. Ingalls was not paid Longevity Pay as required by State law.

### Kamara Davis

54.     Kamara Davis began her employment in a part-time capacity in February 2000 as a Camp Counselor with the Space Camp. She remained employed in that capacity until July 2003, and returned as a Camp Counselor with the Space Camp in February 2004. Ms. Davis became a full-time employee in October 2005 as an Account Executive in the Sales Department. She was a full-time employee with excellent annual reviews. In September 2007, Ms. Davis was promoted to Director of Sales. On March 1, 2011, Ms. Davis was asked to resign due to extended illness resulting from her military service.

55.     Until she read the Report issued by Department regarding the Defendants' practices with regard to underpaying employee benefits, Ms. Davis never knew that the Defendants had failed to follow Alabama law with regard to Longevity Pay or State Holidays.

56.     During her employment, Ms. Davis was not paid for State Holidays as required by State law.

57.     During her employment, Ms. Davis was not paid Longevity Pay as required by State law.

### Milton Parker

58.     Milton Parker began his employment as the Custodial Manager with the Space Camp on November 3, 1997. He is currently a full-time employee with excellent annual reviews and numerous citations for valuable service.

59.     Until he read the Report issued by the Department regarding the Defendants' practices with regard to underpaying employee benefits, Mr. Parker never

knew that the Defendants had failed to follow Alabama law with regard to Longevity Pay or State Holidays.

60.     During his employment, Mr. Parker was not paid for State Holidays as required by State law.

61.     During his employment, Mr. Parker was not paid Longevity Pay as required by State law.

**Equitable Tolling**

62.     The Defendants have systematically failed to pay benefits that were due under Alabama law to current and former employees of the USS&RC and did not disclose to Class Members that they were failing to do so. Furthermore, the Defendants have failed to remedy their unlawful practices even in light of the Report and mandate issued by the Department as a result of its Examination.   As a consequence, the Defendants have improperly retained unpaid benefits which should be rightfully in the hands of USS&RC employees.

63.     The Defendants' plan, scheme and common course of conduct was applicable to all current and former full-time, part-time and seasonal employees of the USS&RC.

64.     Until recently, Plaintiffs and Class Members did not know and could not reasonably have known that they were not paid in accordance with Alabama law.

65.     Although the decisions to fail to follow Alabama law with regard to payment of State Holiday and Longevity Pay and to conceal these unlawful practices were made in the past, the Defendants continue to act in accordance with and in furtherance of the unlawful practices as set forth herein.

66.     The Defendants also continue their practice of failing to follow Alabama law and concealing their unlawful activity. Throughout this time period, the Defendants have not disclosed their activities against Plaintiffs and Class Members in a way that Plaintiffs and/or Class Members could have discovered the unlawful activity. In fact, the Defendants have taken a number of actions to conceal their practices from USS&RC employees so that their practices were not discovered.

67.     The Defendants uniformly trained employees who did know of their unlawful activity not to disclose to other employees the existence of unlawful activity.

68.     As a result of the foregoing, Plaintiffs and Class Members could not reasonably discover the Defendants' unlawful activity and other deceptive practices and did not do so until just recently. For the reasons alleged above, the vast majority of the members of the Class still do not know that they have been injured, and they continue to be injured, by the Defendants' unlawful conduct.

69.     The Defendants' unlawful conduct is continuing in nature.

70.     The statute of limitations applicable to any claims which Plaintiffs or other Class Members have brought or could bring as a result of the unlawful and fraudulent concealment and course of conduct described herein has been tolled as a result of the Defendants' fraudulent concealment. In addition, Plaintiffs and the Class did not and could not have discovered their causes of action until the time alleged herein, thereby tolling any applicable statute of limitations.

## Absence of State Immunity

71.     In this action, Plaintiffs and class members seek to compel Defendants to perform their required duty of adhering to applicable state law. By failing to adhere to

state law regarding State Holidays and Longevity Payments, the Defendants have failed to discharge their duties in accordance with governing Alabama law. The Defendants were required to adhere to Alabama state law with respect to State Holidays and Longevity Payments, and had no discretion to ignore or disregard applicable state law in this regard. Further, by virtue of the conduct described herein, the Defendants acted illegally, in an unauthorized manner, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law. The Defendants were in possession of, and had notice of, the Department's examination, findings, and recommendations regarding adherence to Alabama state law governing Longevity Payments and State Holidays. Despite the Department's mandates and the Defendants' knowledge thereof, the Defendants continued to disregard governing state law with respect to Longevity Payments and State Holidays and to no corrective measures. The Defendants' known and continued violation of applicable Alabama state law was committed in bad faith. Accordingly, the Defendants are not provided with protections of state immunity.

## Class Allegations

72.     This case is brought as a class action under RULE 23(a) and (b)(1), (b)(2) and (b)(3) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiffs seek certification of this action as a class action on behalf of the following:

  a) All current and former full-time, part-time and seasonal employees of the USS&RC who did not receive remuneration for State Holidays as required by Alabama law; and

  b) All current and former full-time, part-time and seasonal employees of the USS&RC who did not receive Longevity Pay as required by Alabama law.

73.     This case is properly brought as a class action under RULE 23, for the reasons set forth *infra*.

17

74. Plaintiffs believe that there are thousands of persons in the putative Class. Hence, membership in the Class is so numerous that separate joinder of each member is impracticable. Although Plaintiffs do not presently know the names of all Class Members, their identities and addresses can be readily ascertained from the Defendants.

75. The claims of the Plaintiffs are typical of the claims of the Class inasmuch as the named Plaintiffs are members of the Class of victims described herein. Both Plaintiffs and the putative class were subject to a common scheme and course of conduct by the Defendants' practices described *supra*.

76. Plaintiffs have no interests adverse to the interests of other Class Members.

77. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in prosecution of class actions and complex litigation.

78. This action is appropriate as a class action pursuant to RULE 23(b)(1) as Plaintiffs seek injunctive relief and corresponding declaratory relief for the entire Class. Hence, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants and their required adherence to Alabama law. Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests.

79.     This action is also appropriate as a class action pursuant to RULE 23(b)(2) as Plaintiffs seek equitable relief and corresponding other relief for the entire Class. Hence, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants and their required adherence to Alabama law.   Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests.

80.     This action is also appropriate as a class action pursuant to Rule 23(b)(3). There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues. Included within the common questions are:

a)      Whether Plaintiffs and the putative Class should have been paid for State Holidays as stated in the Department's Report resulting from its Examination of the USS&RC's policies and procedures;

b)      Whether Plaintiffs and the putative Class should have been paid for Longevity Pay as stated in the Department's Report resulting from its Examination of the USS&RC's policies and procedures ;

c)      Whether the Defendants violated Alabama law with regard to payment of State Holidays;

d)      Whether the Defendants violated Alabama law with regard to payment of Longevity Pay;

e)      Whether the Defendants devised and deployed a scheme or artifice or engaged in a common course of business which acted to hide its activities to fail to follow Alabama law from their employees;

f)      Whether the Defendants overreached and otherwise took unfair advantage of their positions relative to the Plaintiffs and the Class and therefore would be subject to an Order from this Court for *quo warranto* relief;

g)      Whether the Defendants routinely failed to disclose to Plaintiffs and Class Members material information, such as the Alabama law and its application to its policies as to State Holidays and Longevity Pay;

h)      Whether the Defendants failed to supervise and train their agents and employees who engaged in the schemes described herein and failed to prevent their agents from violating Alabama law;

i)      Whether Plaintiffs and Class Members are entitled to specific performance, injunctive relief, or other equitable relief against the Defendants;

j)      Whether Plaintiffs and Class Members are entitled to an award of damages against the Defendants;

k)      Whether Plaintiffs and Class Members are entitled to equitable relief against the Defendants;

l)      Whether Plaintiffs and Class Members are entitled to an award of attorney fees against the Defendants; and

m)      Whether Plaintiffs and Class Members have sustained damages and the proper measure of damages.

81.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Plaintiffs and the Class Members will continue to suffer damage and the Defendants' violations of law will proceed without remedy while the Defendants continue to retain the proceeds of their conduct in failing to follow Alabama law with respect to the payment of State Holidays and/or Longevity Pay.

82.     Most individual Class Members have little ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, the size and scope of the Defendants' uniform scheme, the significant costs attendant to litigation

on this scale, and the comparatively small, although significant, damages suffered by individual Class Members.

83.     This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

84.     This action presents no difficulty that would impede its management by the Court as a class action and a class action is superior to other available methods for the fair and efficient adjudication of the claims.

85.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require the Defendants to specifically follow Alabama law as required and as represented, and to disgorge funds retained which in equity and good conscience ought to be in the hands of the Plaintiffs and the Class Members.

## COUNTS

### Count I
### 42 U.S.C. § 1983

86.     Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 85 above as if fully set forth herein.

87.     Defendants have violated the Takings Clause of the United States Constitution against Plaintiffs and Class Members by retaining funds which were theirs under State law.

88.     By refusing to comply with the findings in the Report and Alabama law, Defendants violated the rights of Plaintiffs and Class Members to obtain funds in

violation of the Due Process Clause as applied to the Defendants under the Fifth and Fourteenth Amendments to the United States Constitution.

89.     Defendants' actions violate 42 U.S.C. § 1983, as well as the rights of Plaintiffs and the Class under the Takings Clause and the Fifth and the Fourteenth Amendments of the Constitution of the United States.

90.     Defendants have damaged Plaintiffs and Class Members because Plaintiffs and the Class have suffered economic loss as a result Defendants' illegal behavior.

**Count II**

**Violation of Due Process**

91.     Plaintiffs repeat, re-allege, and incorporate herein by reference paragraphs 1 - 90 above as if fully set forth herein.

92.     The conduct and improper practices described herein violate Alabama law and deprive Class Members of due process rights afforded to them under the Alabama Constitution.  As described herein, the Defendants have violated due process rights afforded to Plaintiffs and Class Members under the Alabama Constitution by failing, and continuing to fail, to adhere to applicable Alabama state law governing State Holidays and Longevity Payments.  In so doing, Defendants have unlawfully taken Class Members' property without due process.

93.     As a result of the Defendants' violation of Plaintiffs' due process rights, Plaintiffs and Class Members seek any and all available relief and remedies.

## Count III

### Declaratory and Injunctive Relief

94.     Plaintiffs repeat and reallege the allegations contained in paragraph 1 through 93 above, as if fully set forth herein.

95.     Plaintiffs, for themselves and on behalf of the putative Class, seek a ruling that the Defendants have violated Alabama law with respect to the payment of State Holidays and the payment of Longevity Pay.

96.     Plaintiffs, for themselves and on behalf of the Class, seek injunctive relief enjoining the Defendants from continuing to violate Alabama law with respect to the payment of State Holidays and the payment of Longevity Pay.

97.     Plaintiffs seek disgorgement of all monies owed together with interest. Plaintiffs further seek a mandatory injunction requiring the Defendants to discontinue violating Alabama law with respect to the payment of State Holidays and the payment of Longevity Pay and to provide such other relief as is just and proper.

98.     Plaintiffs and Class Members have no adequate remedy at law.

99.     By reason of the foregoing, Plaintiffs and Class Members are entitled to declaratory and injunctive relief as set forth above.

### Count IV

### Equitable Claims
### *Quo Warranto*/Unjust Enrichment

100.     Plaintiffs repeat, reallege and incorporate herein by reference, paragraphs 1 through 99 above.

101.     The Defendants are exercising power under the State of Alabama and are violating Alabama State Law with respect to the payment of State Holidays and the

payment of Longevity Pay.

102.    The payment of State Holidays and the payment of Longevity Pay as accomplished by the Defendants was not, is not, and will not be conferred by law.

103.    Despite Notice in the form of the Report, the Defendants have failed to remedy their violations of Alabama law.

104.    *Quo Warranto* exists to stop such usurpation of liberty and property. Plaintiffs and the putative Class respectfully request an Order from this Court directing the Defendants to comply and comport with Alabama law.

105.    To the extent Defendants retain the payment of State Holidays and the payment of Longevity Pay that should otherwise be remitted to current and former employees of the USS&RC, their retention of such proceeds (or any other benefit received) also constitutes an unjust and unreasonable retention of monies belonging to Plaintiff and the putative Class members.

106.    All funds so held should be the subject to the dictates of equity. Plaintiffs and the putative Class respectfully request an Order from this Court directing the Defendants to perform an equitable accounting of all monies retained as a result of the actions described *supra*, create a constructive trust over said funds and disgorge the *res* of said constructive trust via resulting restitution to Plaintiff and the putative Class members, *cy pres* if necessary.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment and relief against the Defendants for themselves and Class Members as follows:

Case 2:14-cv-00699-WKW-TFM   Document 1   Filed 07/23/14   Page 25 of 27

a) An Order determining that the action is a proper class action pursuant to RULE 23 of the FEDERAL RULES OF CIVIL PROCEDURE;

b) Granting extraordinary equitable and/or injunctive relief as permitted by equity, including attaching, impounding or imposing a constructive trust upon, or otherwise restricting, the proceeds held by the Defendants to ensure Plaintiffs and Class Members have an effective remedy;

c) Declaring that the Defendants engaged and continues to engage in a pattern and practice of unlawful conduct and declaring the specific practices complained of to be unlawful;

d) Granting extraordinary equitable, declaratory and/or injunctive relief as permitted to remedy the effects of the Defendants' unlawful conduct, including a permanent injunction enjoining the Defendants from continuing to failing to pay remuneration for State Holiday and Longevity Pay as required by Alabama law;

e) Requiring the Defendants to perform an equitable accounting of all monies, plus interest, which in equity and good conscience should be, or should have been, transferred to the Plaintiffs and the Class Members, create a constructive trust over said monies and disgorge same to the Plaintiffs and the Class Members via resulting restitution;

f) Awarding Plaintiffs and the Class other compensatory damages either as incidental to the equitable relief awarded or the appropriate other relief based upon the Defendants' conduct;

g) Awarding Plaintiffs and the Class other consequential damages in an amount to be proven at trial for the wrongful acts complained of;

h) To the extent the members of the putative Class members cannot be located, enter an Order of disbursal of all damages and funds unjustly retained via *cy pres* distribution;

i) Awarding Plaintiffs and the Class their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

j) Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand trial by jury on all issues triable at law.

Dated this the 23rd day of June, 2014.

_R. Brent Irby_
R. Brent Irby

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com

_Eric J. Artrip_
Eric J. Artrip

OF COUNSEL:
Mastando & Artrip, LLC
301 Washington Street
Suite 302
Huntsville, Alabama 35801
Telephone: (256)532-2222
Facsimile: (256)513-7489
Email: artrip@mastandoartrip.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED AS FOLLOWS:**

U.S. Space & Rocket Center
One Tranquility Base
Huntsville, Alabama  35805

Deborah Barnhart
c/o U.S. Space & Rocket Center
One Tranquility Base
Huntsville, Alabama  35805

Brooke Balch
c/o U.S. Space & Rocket Center
One Tranquility Base
Huntsville, Alabama  35805

Vickie Henderson
c/o U.S. Space & Rocket Center
One Tranquility Base
Huntsville, Alabama  35805