IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE INGALLS, MILTON PARKER and KAMARA BOWLING DAVIS, on Behalf of Themselves and all Others Similarly Situated,<br><br>   Plaintiffs,<br><br>v.<br><br>U.S. SPACE AND ROCKET CENTER; THE SPACE SCIENCE EXHIBIT COMMISSION; DEBORAH E. BARNHART; BROOKE BALCH; VICKIE HENDERSON,<br><br>   Defendants. | CIVIL ACTION<br>NO. 2:14-CV-699-MEF |

**DEFENDANTS' MOTION TO DISMISS**

  Defendants the U.S. SPACE AND ROCKET CENTER (the "Space and Rocket Center"), the SPACE SCIENCE EXHIBIT COMMISSION (the "Commission"), DEBORAH E. BARNHART ("Barnhart"), BROOKE BALCH ("Balch") and VICKIE HENDERSON ("Henderson," and, collectively with the Space and Rocket Center, the Commission, Barnhart and Balch, the "State"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully request that the Court dismiss the First Amended Complaint (Doc. No. 5) filed by Plaintiffs JANICE INGALLS, MILTON PARKER and KAMARA BOWLING

1

DAVIS ("Plaintiffs").  In support of this Motion, the State submits its Memorandum of Law and the Declaration of Vickie Henderson[1] (the "Henderson Declaration") and further states as follows:

1. **Plaintiffs' § 1983 claim fails as a matter of law.**  Plaintiffs' sole federal claim purports to be a claim under 42 U.S.C. § 1983 based on an alleged violation of the Takings Clause of the United States Constitution.  This claim fails as a matter of law because the reported decisions addressing this issue have held that a plaintiff does not have a property interest, as required to state a Takings Clause claim, in money he or she claims is owed to him or her under a statute.  See, e.g., Adams v. United States, 391 F.3d 1212, 1225 (Fed. Cir. 2004) (holding that federal employees had no property interest in asserted statutory right to overtime compensation because "no statutory obligation to pay money, even where unchallenged, can create a property interest within the meaning of the takings clause"); Scott v. Phila. Housing Auth., No. 10-4723, 2011 WL 1791095 (E.D. Pa. May 11, 2011) (holding that "the weight of authority from courts that have considered this issue demonstrates that the takings clause is inapplicable when a plaintiff sues for unpaid wages").

---

[1] The State submits the Henderson Declaration solely to establish that Plaintiff Parker has resigned his employment since the filing of the First Amended Complaint.  This is a fact that Plaintiffs cannot reasonably dispute, but the State is submitting the Henderson Declaration out of an abundance of caution.  The State requests that, if the Court relies on the Henderson Declaration, it convert solely that portion of the Motion to Dismiss that relates to Plaintiffs' state law claims for prospective injunctive relief into a Rule 56 motion for summary judgment.  The Henderson Declaration is not necessary for the resolution of Plaintiffs' other claims.

2. Even if Plaintiffs could state a Takings Clause claim, it would be barred by Eleventh Amendment and/or qualified immunity. Eleventh Amendment immunity bars the claim against the Commission. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990). Plaintiffs unequivocally allege that the Commission is "an agency of the State of Alabama." First Amended Complaint ¶¶ 5, 14.[2] Congress has not abrogated Alabama's Eleventh Amendment immunity with respect to § 1983 claims, Quern v. Jordan, 440 U.S. 332, 228 (1989), and Alabama has not waived it, Carr, 916 F.2d at 1525. Thus, Plaintiffs' § 1983 claim against the Commission is absolutely barred.

3. The First Amended Complaint does not specify whether the claims against Barnhart, Balch and Henderson are in their official or individual capacities, but the fact that they seek payment of alleged salary amounts suggests that the claims are official capacity claims. See Segrest v. Lewis, 907 So. 2d 452, 454 (concluding that claims seeking "back pay" and other relief were official capacity claims, not individual capacity claims). Claims for money damages cannot lie against a state official in his or her official capacity. Quern, 440 U.S. at 346-47; Carr, 916 F.2d at 1525 n.2. Such claims are limited to prospective injunctive

---

[2] The Space and Rocket Center is not a proper defendant because it is not a legal entity capable of being sued. Even if it were, Plaintiffs allege that it is "an agency of the State of Alabama," First Amended Complaint ¶¶ 4, 15, and it would therefore be immune from the claims for the same reasons as the Commission is immune.

relief. Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995). As former employees, Plaintiffs may not seek prospective injunctive relief.

4. As set forth above, Plaintiffs may not sue Barnhart, Balch or Henderson in their individual capacities for alleged salary amounts. Plaintiffs have alleged no individual obligation on the part of Barnhart, Balch or Henderson with respect to Plaintiffs' employment, nor have they alleged that their employment conferred any individual benefit on Barnhart, Balch or Henderson. Even if they could sue Barnhart, Balch or Henderson in their individual capacities for payment of alleged salary, Barnhart, Balch and Henderson would be entitled to qualified immunity. Plaintiffs cannot show that Barnhart, Balch or Henderson violated any constitutional right at all, and certainly not one that was "clearly established" at the time. See, e.g., Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011).

5. **Plaintiffs' state law claims fail to the extent they seek money damages.** Plaintiffs attempt to assert a due process claim under the Alabama Constitution, but the Alabama Constitution does not create a private right of action for money damages. Matthews v. Ala. Agri. & Mech. Univ., 787 So. 2d 691, 698 (Ala. 2000). Further, even if Plaintiffs could assert a claim for prospective injunctive relief for alleged violations of the Alabama Constitution, which, as former employees, they cannot, this Court would lack jurisdiction over such a claim. See, e.g., Poindexter v. Dept. of Human Resources, 946 F. Supp. 2d 1298,

1291 (M.D. Ala. 2013) ("Principles of federalism and state sovereignty require the federal court to refrain from hearing" claims seeking to require state officials to abide by state law).

6. The sovereign immunity mandated by Article I, Section 14 of the Alabama Constitution of 1901 precludes Plaintiffs' state law claims for money damages. Sovereign immunity extends to claims for monetary relief against agencies of the State and their employees acting in their official capacities. Segrest, 907 So. 2d at 455. Thus, Plaintiffs may not seek monetary relief on their state law claims against the State or against Barnhart, Balch or Henderson in their official capacities.

7. As set forth above, it is illogical for Plaintiffs to seek monetary relief against Barnhart, Balch or Henderson in their individual capacities. To the extent Plaintiffs purport to be doing so, they have failed to allege the bad faith required to take Barnhart, Balch or Henderson outside the protection of State-agent immunity. See, e.g., Segrest, 907 So. 2d at 456.

8. **Alabama's Board of Adjustment possesses exclusive jurisdiction over Plaintiffs' claims.** The Board of Adjustment has jurisdiction over "[a]ll claims for underpayment by the State of Alabama or any of its agencies." Plaintiffs repeatedly allege that the Commission is an "agency" of the State of Alabama. First Amended Complaint ¶¶ 5, 14. They are claiming "underpayment"

5

of salary by this agency. Such a claim fits squarely within the Board of Adjustment's statutory authority.

9. **The Court should dismiss Plaintiffs' claims for prospective injunctive relief because Plaintiffs, as former employees of the Commission, lack standing to seek such relief.** It is clear on the face of the First Amended Complaint that Plaintiffs Ingalls and Davis no longer work for the Commission, and Plaintiff Parker has resigned since the filing of the First Amended Complaint. See First Amended Complaint ¶¶ 51, 55; Henderson Declaration. A plaintiff may not seek declaratory or injunctive relief against a former employer. Smith v. Wayne Farms, L.L.C., C.A. No. CV-11-S-3590-NE, 2012 WL 174657 (N.D. Ala. May 16, 2012).

WHEREFORE, PREMISES CONSIDERED, Defendants the U.S. SPACE AND ROCKET CENTER, the SPACE SCIENCE EXHIBIT COMMISSION, DEBORAH E. BARNHART, BROOKE BALCH and VICKIE HENDERSON respectfully request that this Court dismiss the claims asserted by the Plaintiffs

JANICE INGALLS, MILTON PARKER and KAMARA BOWLING DAVIS pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                        Respectfully submitted,

                                        */s/ William R. Lunsford*
                                        William R. Lunsford
                                        **MAYNARD, COOPER & GALE, P.C.**
                                        655 Gallatin Street, SW
                                        Huntsville, Alabama 35801
                                        Telephone:  (256) 551-0171
                                        Facsimile:   (256) 512-0119
                                        blunsford@maynardcooper.com

                                        */s/ Matthew W. Stiles*
                                        Matthew W. Stiles
                                        **MAYNARD, COOPER & GALE, P.C.**
                                        2400 Regions Harbert Plaza
                                        1901 Avenue N. Suite 2400
                                        Birmingham, Alabama 35203
                                        Telephone:  (205) 254-1000
                                        Facsimile:   (205) 254-1999
                                        mstiles@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2014, I filed the foregoing Motion to Dismiss using the CM/ECF system and served a copy of the same via U.S. mail on the following counsel of record:

| | |
|---|---|
| R. Brent Irby<br>**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**<br>905 Montgomery Highway, Suite 201<br>Vestavia Hills, Alabama 35216<br>(205) 824-7767<br>Fax: (205) 824-7768<br>birby@mhcilaw.com<br><br>*Attorneys for Plaintiffs* | Eric J. Artrip<br>**MASTANDO & ARTRIP, LLC**<br>301 Washington Street, Suite 302<br>Huntsville, Alabama 35801<br>(256) 532-2222<br>Fax: (256) 513-7489<br>artrip@mastandoartrip.com<br><br>*Attorneys for Plaintiffs* |

*/s/ William R. Lunsford*
*Of Counsel*